UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-23705-BLOOM/Otazo-Reyes

AMERICAN NATIONAL INSURANCE COMPANY,

    Plaintiff,

v.

ERICA FORTUN,

    Defendant.
_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant Erica Fortun's ("Fortun") Motion to Dismiss or in the Alternative, Motion for a More Definite Statement, ECF No. [15] ("Motion"), filed on January 17, 2023. Plaintiff American National Insurance Company ("ANICO") filed a Response in Opposition, ECF No. [17], to which Fortun filed a Reply, ECF No. [18]. The Court has carefully reviewed the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

**I.    BACKGROUND**

On November 11, 2022, ANICO initiated this action against Fortun, asserting a single claim under the Declaratory Judgment Act, 28 U.S.C. § 2201. ECF No. [1]. ANICO seeks a declaration that ANICO is entitled to rescind the life insurance policy of Jose Herrera ("Herrera") pursuant to Florida Statute 627.409(1). *See id.* ¶ 26.

In the Complaint, ANICO alleges that, in June 2021, Herrera applied for and was issued an ANICO life insurance policy ("Policy") in the amount of $999,999.00. *Id.* ¶ 7. Defendant Fortun was designated as the Policy's beneficiary. *Id.* ¶ 7. Following Herrera's death on February 19,

2022, Fortun made a claim for the Policy's benefit. *Id*. ¶ 10. ANICO asserts that the Policy is subject to rescission because Herrera's Application for Individual Life Insurance ("Application") contained three material misrepresentations. *See id*. at 3-5.

First, when asked whether Herrera had "EVER used tobacco," Herrera answered "No," when in fact Herrera was a tobacco user. *Id*. ¶¶ 14-15. Second, when asked whether he had ever been "diagnosed, received treatment for, or been advised by a licensed member of the medical profession to seek treatment regarding . . . disease or disorder of the . . . liver," Herrera answered "No," when in fact Herrera's doctor recorded a diagnosis of "Liver Function tests Abnormal . . . Active . . . Chronic." *Id*. ¶¶ 17-18. Third, when asked whether Herrera had "any consultation, testing . . . scheduled or recommended by a licensed member of the medical profession that has not yet been completed," Herrera answered "No," when in fact his treating physician had advised him to undergo an abdominal ultrasound. *Id*. ¶¶ 19-20.

ANICO alleges that Herrera "had actual knowledge of the information he misrepresented and omitted," and ANICO relied on Herrera's statements when issuing him the life insurance policy of $999,999. *Id*. ¶¶ 21-22. ANICO alleges Herrera's misrepresentations were material, and that, if Herrera had responded truthfully, ANICO would not have issued the Policy. *Id*. ¶¶ 23-25.

In her Motion, Fortun argues that ANICO's Complaint is deficient for failing to allege that Herrera intentionally made false statements in his Application. ECF No. [15] at 10. Fortun further contends that dismissal is required because statements within an exhibit attached to ANICO's Complaint contradict allegations within the Complaint. *Id.* at 4-5. In the alternative, Fortun requests an Order for ANICO to provide a more definite statement of its claim. *Id.* at 12.

ANICO responds that Fortun sufficiently alleged all elements of rescission, and Fortun's arguments are more appropriately addressed at the summary judgment stage. ECF No. [17] at 5.

ANICO contests Fortun's assertion that statements within its exhibit contradict allegations within its Complaint. *Id.* at 10. Lastly, ANICO argues that there is no need for a more definite statement. *Id.* at 12.

In Reply, Fortun contends that ANICO attempted to "improperly inject unpled theories into this action via its Response," ECF No. [18] at 1, and ANICO did not attach its underwriting guidelines to its Complaint. *Id.* at 4.

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). When a defendant moves to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the court must accept the plaintiff's allegations as true and evaluate all possible inferences derived from those facts in favor of the plaintiff. *See American Marine Tech, Inc. v. World Group Yachting, Inc.*, 418 F. Supp. 3d 1075, 1079 (S.D. Fla. 2019).

**III.    DISCUSSION**

Fortun's primary argument is that ANICO's Complaint is deficient for not alleging that Herrera intentionally made false statements in his ANICO Life Insurance Application. ECF No. [15] at 10. The Court agrees with ANICO that the Complaint's allegations are sufficient and the majority of Fortun's arguments are factual issues to be resolved at the summary judgment stage. *See generally* ECF No. [17].

An insurer may rescind its policy when a "misrepresentation, omission, concealment, or statement" in an application "is material to the acceptance of the risk or to the hazard assumed by the insurer." Fla. Stat. § 627.409(1)(a). Alternatively, an insurer may rescind when, "the insurer in good faith would not have issued the policy or contract, [or] would not have issued it at the same premium rate" had "the true facts" been known to the insurer pursuant to a policy requirement. *Id.* at (1)(b).

"An insurer seeking to rescind a policy bears the burden to plead and prove the misrepresentation, its materiality, and the insurer's detrimental reliance." *Northfield Ins. Co. v. Ayyad Bros Enters., LLC*, No. 2:19-cv-482, 2020 WL 1308195, at *4 (M.D. Fla. Mar. 19, 2020) (citing *Griffin v. Am. Gen. Life & Accident Ins. Co.*, 752 So. 2d 621, 623 (Fla. 2d DCA 1999)). Here, Fortun appears to contest that misrepresentations occurred and additionally challenges the materiality of the alleged misrepresentations. Neither of these arguments are appropriate at the Motion to Dismiss Stage. *See Casadona v. Trustees of I.B.E.W. Local 490 Pension Plan*, 19-cv-80051, 2019 WL 13235432, at *1 (S.D. Fla. Aug. 22, 2019) ("At this point in the litigation, . . . Plaintiff has alleged facts sufficient to satisfy Rule 8(a).").

ANICO's Complaint alleges three material misrepresentations that ANICO relied upon in issuing the Policy to Herrera. To the extent Fortun is arguing that ANICO must additionally allege

4

that Herrera did not *believe* his statements to be untrue, ECF No. [15] at 11, Fortun is incorrect. *Miguel v. Metro. Life Ins. Co.*, 200 F. App'x 961, 966-67 (11th Cir. 2006). It is sufficient that the Complaint alleges that Herrera "had actual knowledge of the information he misrepresented and omitted[.]" ECF No. [1] ¶ 21. *See Miguel*, 200 F. App'x at 966 ("What the applicant in fact believed to be true is the determining factor in judging the truth or falsity of his answer, *but only so far ast hat belief is not clearly contradicted by the factual knowledge on which it is based*." (quoting *Hauser v. Life Gen. Sec. Ins. Co.*, 56 F.3d 1330, 1334 (11th Cir.1995) (alteration added in *Miguel*).

Fortun additionally argues that statements within an exhibit to the Complaint contradict allegations within the Complaint, so the Court should not accept the Complaint's allegations as true. ECF No. [15] at 8 (citing *Ellen S. v. Fla. Bd. of Bar Examiners*, 859 F. Supp. 1489, 1492 (S.D. Fla. 1994)). The exhibit in question is a letter from ANICO to Fortun, explaining why ANICO was rescinding Herrera's Policy. ECF No. [1-3]. Having carefully reviewed that letter in light of Fortun's arguments, the Court finds no contradictions between the letter and the Complaint. The fact that the Complaint contains more statements than the letter regarding the condition of Herrera's liver does not render the two documents contradictory. *See* ECF No. [15] at 5. Fortun's arguments boil down to the contention that Herrera did not "intentionally and materially misrepresent[ ] his medical history." ECF No. [15] at 6 (emphasis removed). Those are factual issues that are not to be resolved at this stage of the case.

Turning to Fortun's alternative Motion for a More Definite statement, "[s]uch a motion should be granted only when the pleading to which the motion is directed is so vague or ambiguous that the party cannot reasonably be expected to respond." *Coach, Inc. v. Swap Shop, Inc.*, 916 F. Supp. 2d 1271, 1283 (S.D. Fla. 2012) (quoting *Joseph v. Nuno, Inc. II*, 2008 WL 2726918, *2

(S.D. Fla. July 10, 2008)). Fortun has not shown that ANICO's Complaint is vague or ambiguous. The Complaint clearly sets forth three alleged material misrepresentations within Herrera's Application. As Fortun has demonstrated with the factual arguments within her Motion, the Complaint sufficiently puts Fortun on notice of ANICO's claim so that Fortun can formulate a response.

Concluding with the two arguments within Fortun's Reply, Fortun "objects to ANICO's subtle attempt to improperly inject unpled theories into this action via its Response." ECF No. [18] at 1. Fortun takes issue with the following statement within ANICO's Response: "ANICO alleges that Herrera made **at least** three material misrepresentations in the Application." ECF No. [17] at 7 (emphasis added). Fortun correctly points out that ANICO's Complaint does not allude to any additional misrepresentations beyond the three discussed above. ECF No. [18] at 2. However, the appropriate remedy is not to dismiss ANICO's Complaint, as Fortun requests, ECF No. [18] at 2, but rather to ignore ANICO's statement in its brief to the extent it suggests that other misrepresentations occurred.

Lastly, Fortun complains that ANICO "has not attached to its Complaint its underwriting guidelines[.]" ECF No. [18] at 4. While Fortun cites convincing authority for the proposition that ANICO will have to disclose at least some of its underwriting guidelines over the course of this case, ECF No. [18] at 4-5, Fortun has cited no authority for the dubious proposition that those underwriting guidelines must be attached to ANICO's Complaint. The Court finds that the Complaint is not deficient for lacking those documents.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Fortun's Motion, **ECF No. [15]**, is **DENIED**. Fortun shall file an Answer to ANICO's Complaint **no later than March 21, 2023**.

<mark>Case No. 22-cv-23705-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 9, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**