UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-23705-BLOOM/Otazo-Reyes

AMERICAN NATIONAL INSURANCE COMPANY,

    Plaintiff,

v.

ERICA FORTUN,

    Defendant.

_____/

**ORDER ON MOTION TO STRIKE**

**THIS CAUSE** is before the Court upon Plaintiff American National Insurance Company's ("ANICO") Motion to Strike Defendant Erica Fortun's ("Fortun") Affirmative Defenses, ECF No. [40] ("Motion"), filed on May 16, 2023. Fortun filed a Response, ECF No. [41], to which ANICO filed a Reply, ECF No. [42]. The Court has carefully considered the parties' submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted in part and denied in part.

**I.**    **BACKGROUND**

On November 11, 2022, ANICO initiated this action against Fortun, asserting a single claim under the Declaratory Judgment Act, 28 U.S.C. § 2201. ECF No. [1]. ANICO seeks a declaration that ANICO is entitled to rescind the life insurance policy of Jose Herrera ("Herrera") pursuant to Florida Statute 627.409(1). *See id.* ¶ 26.

In the Complaint, ANICO alleges that, in June 2021, Herrera applied for and was issued an ANICO life insurance policy ("Policy") in the amount of $999,999.00. *Id.* ¶ 7. Defendant Fortun was Herrera's spouse and designated as the Policy's beneficiary. *Id.* ¶ 7. Following Herrera's death

on February 19, 2022, Fortun made a claim for the Policy's benefits. *Id.* ¶ 10. ANICO asserts that the Policy is subject to rescission because Herrera's Application for Individual Life Insurance ("Application") contained two material misrepresentations about his personal and health history. *See id.* at 3-5. Specifically, Herrera answered "no" to a question on the Application asking whether he had ever used tobacco, and "no" to a question asking whether he had ever been diagnosed with liver disease. *Id*. at 3-4. ANICO alleges that Herrera's answers to those questions were material misrepresentations and entitle ANICO to rescission of the Policy.

On April 25, 2023, Fortun filed an Amended Answer and Affirmative Defenses. ECF No. [37]. Therein, she raises 15 affirmative defenses. *Id.* On May 16, 2023, ANICO filed the instant Motion to Strike Affirmative Defenses 1-9. ECF No. [40].

## II.   LEGAL STANDARD

### A. *Affirmative Defenses*

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013). "A defense that simply points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense." *Id.* (citing *Flav-O-Rich, Inc. v. Rawson Food Serv., Inc. (In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988)). "[A]ffirmative defenses are not subject to the heightened pleading standard elucidated in *Twombly* and *Iqbal*." *Northrop & Johnson Holding Co., Inc. v. Leahy*, No. 16-cv-63008-BLOOM, 2017 WL 5632041, at *3 (S.D. Fla. Nov. 22, 2017) (quotation marks omitted).

### B. *Motions to Strike*

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R.

Civ. P. 12(f). District Courts have "broad discretion in considering a motion to strike under Fed. R. Civ. P. 12(f)." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1317-18 (S.D. Fla. 2005). Despite this discretion, "[a] motion to strike is a drastic remedy[,] which is disfavored by the courts and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (internal quotation marks omitted); *see also Gen. Defense Corp. v. Restorick*, No. 08-60537-CIV-JORDAN, 2008 WL 11417688, at *2 (S.D. Fla. Nov. 3, 2008) ("[T]he standard for striking a defense is extremely high." (quotation marks omitted)). Under this standard, "'an affirmative defense must be stricken when the defense is comprised of no more than 'bare-bones, conclusory allegations' or is 'insufficient as a matter of law.'" *Northrop & Johnson Holding Co.*, 2017 WL 5632041, at *3 (quoting *Adams*, 294 F.R.D. at 671 and *Home Mgmt. Sols., Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007)). "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002); *see also Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (Where "a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant.").

### III. DISCUSSION

#### A. Defense No. 1 – Application Not Attached to Policy

In Defense No. 1, Fortun argues that ANICO is precluded from using any statement in the life insurance application to contest the policy, because that application was not attached to the policy when it was issued or re-issued. ECF No. [37] at 5. ANICO correctly argues that this

Defense seeks to point out insufficient evidence in Plaintiff's *prima facie* case and is accordingly not a valid affirmative defense. *See Tsavaris v. Pfizer, Inc.*, 310 F.R.D. 678, 682 (S.D. Fla. 2015) ("a defense that simply points out a defect or lack of evidence in a plaintiff's case is not an affirmative defense.").

Defense No. 1 is stricken.

### B. Defense No. 2 – Knowledge and Belief; Materiality

In Defense No. 2, Fortun argues that ANICO lacks evidence that Herrera *intentionally* misrepresented his medical history. ECF No. [37] at 5. ANICO correctly points out that this purported Defense is either a denial of ANICO's *prima facie* case or an evidentiary argument. Either way, it is not a valid affirmative defense. *See Tsavaris*, 310 F.R.D. at 682.

Defense No. 2 is stricken.

### C. Defense No. 3 – No Materiality

In Defense No. 3, Fortun argues that the alleged misrepresentations given by Herrera were not material to ANICO's acceptance of risk and, as a result, ANICO has no basis to rescind the policy. ECF No. [37] at 9. ANICO correctly argues that this purported Defense is in fact a denial of a necessary element of ANICO's *prima facie* case—that Herrera made material misstatements.

Defense No. 3 is stricken.

### D. Defense No. 4 – No Tobacco Use

In Defense No. 4, Fortun argues that, because Herrera did not use tobacco within 24 months of the application date, he could not have been charged rates for a tobacco user. ECF No. [37] at 9. ANICO correctly points out that this is a denial of the Complaint's allegation that Herrera committed a material misrepresentation when he answered "no" in response to a question related to tobacco use. ECF No. [1] ¶ 15. Mere denials are not appropriate affirmative defenses. *See*

4

*Adams*, 294 F.R.D. at 671.

Defense No. 4 is stricken.

### E.  *Defense No. 5 – Plaintiff Bound by Agent's Knowledge*

In Defense No. 5, Fortun argues that ANICO is bound by the knowledge and mistakes o ANICO's agent at the time that Herrera signed the application. ECF No. [37] at 9. ANICO copy-pastes its argument that this defense is a denial rather than an affirmative defense, ECF No. [40] at 6, but the Court is not convinced. The substance of this Defense is that ANICO is precluded from rescinding the policy due to acts or knowledge of ANICO's agent. This Defense sufficiently "puts into issue relevant and substantial legal and factual questions" such that it should not be stricken. *Reyher*, 881 F. Supp. at 576.

### F.  *Defense No. 6 – Plaintiff Did Not Rely on Application*

In Defense No. 6, Fortun asserts that ANICO performed its own investigations and did not rely on the application submitted by Herrera. ECF No. [37] at 10-11. ANICO again copy-pastes its argument that this defense is a denial rather than an affirmative defense. ECF No. [40] at 6. This defense is similar to Defense No. 5. Given ANICO's failure to convince the Court that this Defense does not "put[ ] into issue relevant and substantial legal and factual questions," *Reyher*, 881 F. Supp. at 576, the request to strike is denied.

### G.  *Defense No. 7 – Vague Answers Construed Favorably*

In Defense No. 7, Fortun argues that any answers provided by Herrera in response to vague and ambiguous questions must be construed in favor of coverage. ECF No. [37] at 11. ANICO correctly points out that this purported Defense is essentially an argument that Herrera did not make material misrepresentations on the application. As such, this purported Defense is a denial of Plaintiff's *prima facie* case, as opposed to a valid affirmative defense.

Defense No. 7 is stricken.

### H.  Defense No. 8 – Health Condition Not Material

In Defense No. 8, Fortun argues that suspected liver enzyme elevations without diagnosis is not material to ANICO's acceptance of risk because ANICO would not have required Herrera to undergo a physical exam prior to issuing the policy. ECF No. [37] at 12. ANICO correctly points out that this purported Defense is another attempt to deny that Herrera made a "material misrepresentation," so it is a denial rather than a valid affirmative defense.

Defense No. 8 is stricken.

### I.  Defense No. 9 – No Requirement to Disclose

In Defense No. 9, Fortun argues that Herrera was not required to disclose the order for an ultrasound on the application and, as a result, did not intentionally misrepresent anything about his medical history. ECF No. [37] at 13-14. ANICO correctly points out that this purported Defense is another attempt to deny that Herrera made a "material misrepresentation" on his Application, so it is a denial rather than a valid affirmative defense.

Defense No. 9 is stricken.

## IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. ANICO's Motion to Strike Fortun's Affirmative Defenses, **ECF No. [40]**, is **GRANTED IN PART AND DENIED IN PART**.

2. The following affirmative defenses asserted by Fortun in her Affirmative Defenses, ECF No. [37], are **STRICKEN**: **1-4, 7-9**.

Case No. 22-cv-23705-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 27, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**